ARON FARBER, Appellant, *v*. MAX TANNENBAUM and Another, Respondents.

(Supreme Court, Appellate Term, First Department, December, 1918.)

Judgments — Municipal Court of the city of New York — actions — when order of severance not necessary — pleading — Municipal Court Code, § *127*.

> Where in an action against husband and wife brought in the Municipal Court of the city of New York the complaint alleged that between certain dates the plaintiff, at the special instance and request of the husband, performed work, labor and services and furnished materials to the wife for which the husband promised and agreed to pay a certain sum, but no cause of action was alleged against the wife, the court, under section 127 of the Municipal Court Code, has power to enter judgment against the husband who was served with the summons though the wife was not and, except to protect plaintiff's rights against the wife, an order of severance was not necessary.
>
> The case having been properly noticed for trial the judgment taken upon an inquest should not have been disturbed and an order vacating the judgment and restoring the case to the general calendar will be reversed.

APPEAL by the plaintiff from an order of the Municipal Court of the city of New York, borough of Manhattan, third district, opening the default of the defendant Max Tannenbaum, vacating a judgment and restoring case to general calendar.

Louis Dorfman, for appellant.

Franklin Bien, for respondents.

WEEKS, J. This is an appeal from an order vacating and setting aside a judgment entered in favor of the plaintiff and against the defendant Max Tannenbaum. The motion was made upon the ground that the

Appellate Term, First Department, December, 1918.    [Vol. 105.

court had no jurisdiction to enter the judgment for the reason that, at the time the notice of trial was served, the other defendant in the action, who was named in the summons as Mrs. Max Tannenbaum, had not been served and that the notice of trial had been returned for that reason. The order appealed from also opened · the defendant's default.

The verified complaint alleged that between the 6th day of April, 1918, and the 24th day of April, 1918, the plaintiff at the special instance and request of the defendant Max Tannenbaum, performed work, labor and services and furnished materials to Mrs. Max Tannenbaum, wife of the defendant Max Tannenbaum, for which he promised and agreed to pay the sum of $243.

Although Mrs. Tannenbaum was named as a defendant in the summons, the complaint fails to state any cause of action against her.

Service was made upon the defendant Max Tannenbaum and on May 22, 1918, he served and filed a verified answer. On June seventh a notice of trial for June twelfth was served by mail on the attorney for Max Tannenbaum which was returned as not having been served in time. On June tenth an order for substituted service on the defendant Mrs. Max Tannenbaum was obtained which was vacated on June fourteenth, the attorney for her husband appearing specially for her for that purpose. On June seventeenth a new notice of trial for June twenty-fifth was served, receipt of which was admitted in writing by defendant's attorney, who returned it on the same day " on the ground that the case is not yet at issue against the defendant Mrs. Max Tannenbaum, wife of defendant Max Tannenbaum and this action cannot be noticed for trial until it is at issue against all defendants.''

On June twenty-fifth an inquest was taken and judgment rendered in favor of plaintiff, the title of the action showing that Mrs. Max Tannenbaum was not served.

Under the provisions of section 127 of the Municipal Court Code the court had full power and authority to enter a judgment against the defendant Max Tannenbaum. An order of severance was not necessary except to protect plaintiff's rights against the other defendant.

The defendant's motion was not to open a default which had been suffered unintentionally or for which any reasonable legal excuse was offered but was to vacate a judgment which it was claimed was entered without jurisdiction. The court had acquired jurisdiction of the defendant and the cause was properly noticed for trial and the judgment taken upon the inquest should not have been disturbed.

The order therefore must be reversed, with ten dollars costs, and the judgment reinstated.

Order reversed, with costs.